IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN CALCAR INC. | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:05 CV 475 |
| | § | PATENT CASE |
| AMERICAN HONDA MOTOR CO., INC. | § | |
| and HONDA OF AMERICA | § | |
| MANUFACTURING INC., | § | |
| | § | |
|     Defendants | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Honda Defendants' Motion to Transfer to the Southern District of California (Docket No. 21). Having considered the parties' written submissions and oral arguments, the Court **GRANTS** the motion.

### BACKGROUND

American Calcar Inc. ("ACI") asserts fourteen patents against American Honda Motor Co., Inc. and Honda of America Manufacturing, Inc. (collectively "Honda") in this suit. ACI brought a similar suit against BMW of North America, Inc. in the Southern District of California. In that suit, over which Judge Dana Sabraw presided, ACI asserted nine of the fourteen current patents-in-suit. Judge Sabraw held a *Markman* hearing, issued a claim construction opinion, and ruled on several motions for summary judgment. The *BMW* case settled prior to trial. Honda moves this Court to transfer this case to the Southern District of California.

### APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted.

2

*Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

**Private Factors**

*(1) The relative ease of access to sources of proof*

Although documents relating to vehicles distributed in the United States are in Torrance, California, which is in the Central District of California, the Court has previously recognized that the location of documents is of little consequence since they will almost certainly be produced electronically. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, __ F. Supp. 2d ___ (E.D. Tex. Aug. 8, 2006)(Davis, J); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. March 23, 2006)(Davis, J.). Accordingly, this factor does not favor transfer.

*(2) The availability of the compulsory process to secure witnesses' attendance*

While Honda contends most witnesses would be beyond this Court's subpoena power, ACI contends that many witnesses are also out of the Southern District of California's courts' subpoena power. As to those witnesses that are Honda's employees, they are within Honda's power to secure their attendance regardless of where the case is tried. Accordingly, this factor is neutral.

*(3) The willing witnesses' cost of attendance*

The party witnesses are located in California, Nevada, Ohio, and possibly Alabama. The inventors live in California, Nevada, and New Mexico. One prosecuting attorney is located in New Jersey. Alpine Electronics, Inc., one of Honda's main suppliers of navigation products, is located in California. As the Court has previously stated, patent cases usually involve witnesses from all over the country and often throughout the world, and many of those witnesses are frequently unknown at this stage of the case. *See Symbol Techs.*, __ F. Supp. 2d at __; *Network-1*, 433 F. Supp.

2d at 803. Rarely will one location be convenient for everyone. Accordingly, this factor is neutral.

*(4) All other practical problems that make the case's trial easy, expeditious, and inexpensive*

Although ACI argues that transfer could delay this case up to a year, the Court notes that Judge Sabraw was deeply involved in construing the patents and in resolving the summary judgment motions in the *BMW* case. Equally important, Judge Sabraw has adopted rules for patent cases similar to those used by this Court. Additionally, this Court consulted with Judge Sabraw, who is familiar with these patents, has patent rules patterned after this Court's, and is willing to accept the case, if transferred.

While every patent transfer case is unique to its particular facts, it is important to this Court that the transferee court already has had experience with the patents in suit, has adopted patent rules to govern the trial of the case, and is willing to accept the case if transferred. The Court is persuaded that this case will be tried expeditiously under similar Patent Rules before Judge Sabraw, who is already familiar with the patents-in-suit, leading to just as expeditious and inexpensive of a process than if the case were not transferred. Accordingly, this factor strongly favors transfer.

**Public Factors**

*(1) The administrative difficulties flowing from court congestion*

As stated, Judge Sabraw is familiar with this case and utilizes rules to efficiently move patent cases to trial, thus the Court does not anticipate any administrative difficulties flowing from court congestion in his Court.

*(2) The local interest in having local issues decided at home*

As the Court has previously stated, since allegedly infringing products are sold to residents of the Eastern District of Texas and potential acts of infringement affect residents of the Eastern District, they have an interest in upholding the patent laws and in this litigation. *Network-1*, 433 F.

4

Supp. 2d at 801.  The same could be said for the residents of the Southern District of California.  This factor is neutral.

*(3) The forum's familiarity with the governing law*

This factor is neutral.  Both courts are familiar with patent law.

*(4) The avoidance of unnecessary conflict of laws problems involving foreign law's application*

Since patent cases are governed by federal law, there is no risk of conflict of laws problems in either district.

## CONCLUSION

After considering the public and private factors, this case warrants transfer.  Most importantly, both for the parties and the judicial system, judicial economy favors transfer.  Judge Sabraw is very familiar with the patent, with patent cases generally, has adopted rules specifically directed to patent cases, and is willing to accept transfer of this case.  Thus, some of the concerns that weigh against transfer in other cases are not present here.  Accordingly, the Court **ORDERS** this case **TRANSFERRED** to the docket of Judge Sabraw in Southern District of California.

**So ORDERED and SIGNED this 26th day of September, 2006.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

5